# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**ERIC LASHUN SMITH,**                                                          **PETITIONER**

**v.**                                                                                       **No. 1:10CR39-SA-DAS**

**UNITED STATES OF AMERICA**                                              **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the motion of Eric Lashun Smith to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir.2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir.1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir.2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir.1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the Court

finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture[1]**

On March 25, 2010, Eric Lashun Smith was charged [2] in four counts of a five count Indictment. Count One charged him with conspiracy to steal and unlawfully take and carry away firearms from the premises and business inventory of Noxapater Hardware in violation of 18 U.S.C. § 922(u). Count Two charged that Smith and another individual named in the Indictment, aided and abetted by each other, knowingly stole and unlawfully took and carried away from the premises and business inventory of Noxapater Hardware thirty-eight (38) firearms which had been transported in interstate commerce, in violation of 18 U.S.C. §§ 2 and 922(u). Count Three charged Smith and another defendant with aiding and abetting each other in possession of one or more of the stolen firearms that had been transported in interstate commerce, in violation of 18 U.S.C. §§ 2 and 922(j). Count Four charged Smith with possessing one or more of the stolen firearms after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).

Smith's plea agreement, in which he pled guilty to Counts One and Four, was accepted by the court on June 28, 2011. Count One carried a maximum statutory term of imprisonment of five (5) years. Count Four carried a maximum statutory term of imprisonment of ten (10) years.

Counts One and Four were grouped together for guideline calculations. PSR ¶ 19. U.S.S.G. § 2K2.1(a)(6) provided for a base offense level of 14 because Smith was a "prohibited person at the time [he] committed the instant offense." PSR ¶ 20. He received a six (6) level increase under

---

[1] The facts of this case are not in dispute; as such, the court has taken the facts in this memorandum opinion nearly verbatim from the Government's response to the instant motion.

U.S.S.G. § 2K2.1(b)(1)(C) because more than twenty-five (25), but less than ninety-nine (99), firearms were involved. PSR ¶ 21. U.S.S.G. § 2K2.1(b)(4) provided a two (2) level increase since a firearm was stolen. PSR ¶ 22. Smith engaged in trafficking of the stolen firearms; thus, he received a four (4) level increase under U.S.S.G. 2K2.1(b)(5). PSR ¶ 23. He received another four (4) level increase under U.S.S.G. § 2K2.1(b)(6) comment 14(B) because he found and took a firearm during the course of the burglary. PSR ¶ 24. This resulted in an adjusted offense level of 30. PSR ¶ 25. After a three (3) level reduction for acceptance of responsibility, Smith faced a total offense level of 27. PSR ¶ 29.

Smith accumulated 13 criminal history points resulting in a Criminal History Category of VI. Smith's Total Offense Level of 27 combined with his Criminal History Category of VI resulted in a Guideline Range of 130-162 months imprisonment.

In the instant § 2255 motion, Smith makes the following claims for relief:

(1) that he is actually innocent of the ACCA enhancement and the career offender enhancement.

(2) that his counsel provided ineffective assistance by failing to object to the Court's determination that his prior convictions qualified as predicate offenses under the ACCA.

**The Armed Career Criminal Act**

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), enhances the sentence for a defendant convicted of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g) if he has three prior convictions for a "violent felony or a serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1). The statutory mandatory minimum sentence under the ACCA is fifteen years. A violent felony is:

> any crime punishable by imprisonment for a term exceeding one year…that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or

> otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Courts use a "categorical approach" to determine whether a defendant's past conviction counts as a "violent felony" that should be counted under the ACCA. *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013). Under this approach, "the *elements* of the statute forming the basis of the defendant's conviction" must be compared with the "*elements* of the 'generic' crime . . . ." *Id.* (emphasis added). The prior conviction qualifies as a predicate offense if the "statute's *elements* are the same as, or narrower than, those of the generic offense." *Id.* (emphasis added). When using the categorical approach, the court may only consider the elements of the crimes – not the underlying facts,. *Id.* at 2283. The categorical approach can only be applied to indivisible criminal statutes – those consisting of "a single set of elements that are broader than those of the generic definition of the corresponding crime enumerated in the Armed Career Criminal Act (ACCA) . . . ." *Id.* at 2293. An indivisible statute is "one not containing alternative elements – that criminalizes a broader swath of conduct than the relevant generic offense." *Id.* at 2281.

A variant of the categorical approach, the "modified categorical approach," applies when a "prior conviction is for violating a . . . 'divisible statute,'" which "sets out one or more elements of the offense in the alternative." *Id*. In cases where "one alternative matches an element in the generic offense, but the other [alternative] does not, the modified categorical approach permits the sentencing court to consult a limited class of document . . . to determine which alternative formed the basis of the defendant's prior conviction. *Id*. Thus, in the modified categorical approach, the court may look beyond the bare elements of the crime to determine whether the conviction qualifies as a predicate offense under the ACCA.

In *Descamps*, the Court addressed whether sentencing courts in such a situation may "also consult those additional documents when a defendant was convicted under an 'indivisible' statute." *Id*. The Court held that sentencing courts "may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id*. at 2282.

## Ineffective Assistance of Counsel

The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *Premo v. Moore*, 131 S.Ct. 733 (2011).

### *Descamps* Does Not Apply to This Case

Smith alleges [95] that the court should have used the modified categorical approach when deciding whether his prior convictions qualified as predicate offenses under the ACCA – and that court improperly enhanced his sentence under the ACCA. In his Supporting Memorandum [97], Smith alleges that he was sentenced as an "[a]rmed [c]areer [o]ffender and/or career offender, pursuant to U.S.S.G. 4B1.1 . . . ."

As discussed above, Smith faced statutory *maximum* sentences of incarceration for five years and ten years for Counts One and Four, respectively (a total of 180 months). His Guidelines range was imprisonment for 130 to 162 months, as his offense level was 27 and criminal history category VI. The court sentenced Smith to 60 months for Count One and 110 months for Count Four, served concurrently, for a total of 110 months imprisonment.

Smith was facing a statutory maximum of 180 months for Counts One and Four. He was sentenced to a total 170 months (although the sentences were to run concurrently), which is just under his statutory maximum and just above the high end of his guidelines range. Had the court sentenced Smith under the enhanced penalties of the ACCA, his statutory *minimum* of sentence would have been 180 months (15 years), rather than the statutory *maximum* of 180 months that he faced in the absence of those enhancements.

The court did not sentence Eric Smith in accordance with the enhanced penalties of the ACCA; as such, the court did not decide whether his prior convictions qualified as predicate offenses under the ACCA. That fact was irrelevant to sentencing in this case. The court considered Smith's prior convictions only to calculate his criminal history category under the Guidelines. As the court did not sentence Mr. Smith under the ACCA enhanced penalties provision, his argument that the court

improperly applied that provision is without merit. As such, Smith's counsel had no ground to object on this basis, and this claim for relief will be denied.

### Smith alleges that he is actually innocent of the ACCA enhancement and the career offender enhancement.

Smith also argues that he is innocent of the ACCA and career offender enhancements because his prior convictions were not felony offenses. For the reasons set forth above, this claim is likewise without merit. Smith was sentenced, not under the enhanced mandatory minimum penalty under the ACCA; instead, his sentence was limited by the statutory maximum sentences of five and ten years for Counts One and Four. He was not subject to the enhanced mandatory minimum penalty of 15 years set forth in ACCA. Mr. Smith's second claim will therefore be denied.

### Conclusion

In sum, none of Mr. Smith's claims for relief has merit, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 9th day of March, 2017.

      /s/ Sharion Aycock
      **U.S. DISTRICT JUDGE**